IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER TWELVE |
| DANIEL P. SHOEMAKER and<br>ERICA L. SHOEMAKER, | : | BANKRUPTCY NO.: 5-08-bk-52753 |
| DEBTORS | : | |
| DANIEL P. SHOEMAKER and<br>ERICA L. SHOEMAKER, | : | {**Nature of Proceeding**: Cross-Motions for Summary Judgment (Doc. #229, #230) on Debtors' Amended Objection to Proof of Claim No. 30 (Doc. #219)} |
| OBJECTORS | : | |
| vs. | : | |
| HELENA CHEMICAL COMPANY, | : | |
| CLAIMANT | : | |

# OPINION[1]

Following Debtors' Amended Objection to Proof of Claim No. 30 filed by Helena Chemical Company, the parties filed Cross-Motions for Summary Judgment.

The Court has reviewed the Objection, as well as the documents in support and in opposition to the Objection, and finds the Cross-Motions for Summary Judgment should be denied. The Court finds that the better course to follow would be to proceed with a hearing on the issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 9 L.Ed.2d 202 (1985).

The issue to be addressed is whether an Asset Purchase Agreement and Addendum thereto entered into between Christmas Barn Farms, Inc. and the Debtors, together with Roy E. Bensinger, made the Claimant a third party beneficiary under the aforesaid agreements resulting in an obligation of the Debtors to assume and pay the debts and liabilities of Christmas Barn

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

Farms, Inc., including debts owed by Christmas Barn Farms, Inc., to the Claimant. The Claimant, Helena Chemical Company, was not individually identified on either the Asset Purchase Agreement or Addendum thereto marked as Exhibit C and E, respectively, and attached to Claimant's response to Objection to Proof of Claim. See Doc. #220.

The Pennsylvania Supreme Court has addressed the law concerning third party beneficiaries as follows:

> The current rule in Pennsylvania for designation of a party as a third party beneficiary was first articulated in the seminal case of *Spires v. Hanover Fire Insurance Co.*, 364 Pa. 52, 70 A.2d 828 (1950) (plurality opinion). In *Spires*, we held that in order for a third party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself. *Spires v. Hanover Fire Insurance Co.*, 364 Pa. at 57, 70 A.2d at 830-31. But, in *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983), we carved out an exception to the *Spires* rule, and allowed the beneficiary of a will to recover for legal malpractice against an attorney, despite the fact that the beneficiary was not in privity of contract with the attorney and was not named specifically as an intended beneficiary of the contract. In so doing, we adopted the Restatement (Second) of Contracts, § 302 (1979), as a guide for analysis of third party beneficiary claims in Pennsylvania. Restatement (Second) of Contracts, § 302 (1979) states:
>
> Intended and Incidental Beneficiaries
>
> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intentions of the parties and either
>
> > (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> >
> > (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.
>
> Restatement (Second) of Contracts § 302 (1979).

*Scarpitti v. Weborg*, 530 Pa. 366, 370, 609 A.2d 147 (1992).

The *Scarpitti* Court specifically held

> that a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, *Spires*, *supra*, *unless*, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Id.* at 373 *citing Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983).

Debtors have filed a Statement of Facts pursuant to Local Rule 56.1 of the Local Rules for the Middle District of Pennsylvania as made applicable to bankruptcy proceedings by Local Bankruptcy Rule 7056-1. Unfortunately, these are not undisputed material facts. Significant to the Court's resolution of the instant Motions for Summary Judgment is the diametrically opposed interpretation given by both parties to the Asset Purchase Agreement and the Addendum. Whether there is an express intention to benefit the Claimant as a third party to the agreements or there are circumstances so compelling that the Claimant should be recognized as a third party beneficiary, are factual determinations that the Court finds to be better made at time of hearing on the Amended Objection to Proof of Claim.

An Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: April 13, 2011